**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| SHAFT INNOVATIONS UK LTD., SHAFT INNOVATIONS, INC., AND BENYAMIN NUSAIR,<br><br>      Plaintiffs,<br><br> v.<br><br>BTCT INNOVATIONS X, LLC AND PRODUCT LABS HOLDINGS, INC.,<br><br>      Defendants. | CAUSE NO. 1:21-CV-00737-LY |

**BTCT INNOVATIONS X, LLC'S AND PRODUCT LABS HOLDINGS, INC.'S
<u>ANSWER TO COMPLAINT</u>**

BTCT Innovations X, LLC ("**BTCT**") and Product Labs Holdings, Inc. ("**Product Labs**") (collectively, the "**Defendants**"), by their undersigned attorneys, hereby answers the Complaint filed by plaintiffs Shaft Innovations UK LTD. ("**Shaft Innovations UK**"), Shaft Innovations, Inc., and Benyamin Nusair (collectively, the "**Plaintiffs**", and together with the Defendants, the "**Parties**"). Defendants deny each and every allegation contained in the Complaint except for those hereinafter specifically admitted, and further states as follows:

<u>**Responses**</u>

1. This case is straightforward. Defendants owe Plaintiffs almost $5 million under a contract and refuse to pay it. Plaintiffs tried to work with Defendants, but Defendants have stonewalled them. So Plaintiffs have to sue to recover what they are owed under the contract.

**<u>ANSWER:</u>** Defendants admit that the Parties executed that certain *Asset Purchase Agreement* by and among the Parties, dated October 20, 2020 (including all exhibits and schedules attached thereto and/or referenced therein, and as amended and/or modified, the "**APA**"). The remaining allegations in Paragraph 1 refer to the terms of the APA, a written document that speaks

for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

2.      In October 2020, Shaft Innovations entered into an Asset Purchase Agreement ("the Agreement") with Product Labs, under which Shaft Innovations would sell its business assets, property, and rights to BTCT in exchange for BTCT's payment of the sums provided in Article II of the Agreement.  Specifically, BTCT agreed to pay Shaft Innovations in the following manner: (1) an $8,000,000 Closing Asset Payment, (2) two Installment Payments of $2,400,000 each, (3) four Inventory Installment Payments totaling $1,710,806, (4) an Inventory Rebate of $150,000, and (5) Earnout Payments of up to $1,500,000.  BTCT paid the Closing Asset Payment and the first Inventory Installment Payment.  Because the business was very successful when it was purchased by Product Labs, Shaft Innovations earned an Earnout Payment, which was paid on March 28, 2021.

**ANSWER:**    Defendants admit that they entered into the APA with Plaintiffs and that BTCT paid Plaintiffs certain sums under the terms of the APA.  The remaining allegations in Paragraph 2 either (a) refer to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith; or (b) are denied.

3.      Then Product Labs stopped living up to its contractual promises.  On April 20, 2021, Shaft Innovations was surprised when Product Labs did not make a $2,400,000 Installment Payment on time.  Nevertheless, Shaft Innovations was willing to work with Product Labs and assumed that Product Labs was acting in good faith and honestly.

**ANSWER:**    To the extent a response is required, the allegations in Paragraph 3 are denied.

4.      On May 7, 2021, after BTCT and Product Labs failed to pay an Installment Payment, and [sic] Inventory Installment Payment, and an Inventory Rebate on time, Shaft Innovations entered into an amendment to the Asset Purchase Agreement.  The amendment extended the due date for the Second Installment Payment to June 30, 2021 and the due date for the Third Installment Payment to October 20, 2021.  The amendment also extended the due dates for the outstanding Inventory Installment Payments to June 30, 2021, July 17, 2021, and October 20, 2021; removed the escrow requirement for the Third Installment Payment; and changed the

Inventory Rebate due date to June 30, 2021.  Terms of the Agreement not specifically amended remain effective.

    **ANSWER:**    Defendants admit that BTCT and Shaft Innovations UK entered into that certain *First Amendment to Asset Purchase Agreement*, dated May 7, 2021 (the "**First Amendment**").  To the extent that the allegations in Paragraph 4 refer to the terms of the First Amendment, a written document that speaks for itself, the Defendants refer to the First Amendment for its true and complete contents and deny any allegations inconsistent therewith. The remaining allegations in Paragraph 4 are denied.

    5.    Product Labs took advantage of Shaft Innovations' goodwill.  BTCT, without first informing Shaft Innovations, failed to make the payments due on June 30 and July 17.  Product Labs has also demonstrated its intent to disregard the payment obligations due October 20, 2021. It appears that BTCT is failing.  Due to poor management, it has taken an excellent business and nearly destroyed [it] less than a year after taking over.  BTCT has demonstrated that it has no ability or intention of honoring its promises under the Amended Agreement.  Plaintiffs bring this action to recover the amounts due and owed to them under the Agreement.  In addition, as provided under Section 9.10 of the Agreement, Plaintiffs seek reimbursement for their reasonable attorneys' fees and costs incurred in pursuing enforcement of the Agreement.

    **ANSWER:**    BTCT admits that it did not make payments to Shaft Innovations on June 30, 2021 and July 17, 2021 and asserts that it is entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.  Defendants admit that the Complaint purports to bring an action against Defendants for breach of the APA.  The remaining allegations in Paragraph 5 are denied.

**Responses to "The Parties"**

6.      Plaintiff Shaft Innovations UK Ltd. is an Isle of Man corporation.  Its principal place of business is at 3rd Floor, Atlantic House, 4-8 Circular Road, Douglas, Isle of Man, IM1 1AG.  Shaft Innovations UK Ltd. is named as a party in the Agreement as the Seller.

**ANSWER:**    Defendants admit that Shaft Innovations UK is a party to the APA.

Defendants lack sufficient information to form a belief as to the truth of the remaining allegations

in Paragraph 6 and therefore deny the same and demand specific proof thereof.


7.      Plaintiff Shaft Innovations, Inc. is a Panamanian corporation.  Its principal place of business is at Calle 50, Tower Bank, Piso 35, Panama City, 0801, Panama.  Shaft Innovations, Inc. is named as a party in the Agreement as the Owner of Shaft Innovations UK Ltd.

**ANSWER:**    Defendants admit that Shaft Innovations Inc. is a party to the APA.

Defendants lack sufficient information to form a belief as to the truth of the remaining allegations

in Paragraph 7 and therefore deny the same and demand specific proof thereof.


8.      Plaintiff Benyamin Nusair is the sole stockholder of the Shaft Innovations corporate entities and is a resident of Panama.  Nusair is named as a party in the Agreement as the Stockholder in Shaft Innovations UK Ltd. and Shaft Innovations Inc.

**ANSWER:**    Defendants admit that Benyamin Nusair is a party to the APA.  Defendants

lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph

8 and therefore deny the same and demand specific proof thereof.


9.      As stated in the Agreement, Defendant BTCT is a Delaware limited liability company.  Its principal place of business is at 11801 Domain Blvd., Austin, Texas 78758.  BTCT is names [sic] as a party in the Agreement as the Buyer.

**ANSWER:**    Defendants admit that (i) BTCT is a limited liability company organized

under the laws of Delaware; (ii) BTCT's principal place of business is located at 11801 Domain

Blvd., Austin, Texas 78758; and (iii) BTCT is a party to the APA.

10.    As stated in the Agreement, Defendant Product Labs is a Delaware corporation. Its principal place of business is at 11801 Domain Blvd., Austin, Texas 78758. Product Labs is named as a party in the Agreement as the Parent of BTCT.

**ANSWER:**    Defendants admit that (i) Product Labs is a corporation organized under the laws of Delaware; (ii) Product Labs' principal place of business is located at 11801 Domain Blvd., Austin, Texas 78758; and (iii) Product Labs is a party to the APA solely for purposes of Section 6.13 of the APA.

### Responses to "Jurisdiction and Venue"

11.    This is an action for money damages, punitive damages, and declaratory judgment. This Court has diversity jurisdiction under 28 U.S.C. § 1332, because there is complete diversity between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

**ANSWER:**    Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, such allegations in Paragraph 11 are denied. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore deny the same and demand specific proof thereof.

12.    Personal jurisdiction and venue are proper in this Court because the Agreement specifically provides, at Paragraph 9.6, that "the parties hereto irrevocably consent [] to the exclusive jurisdiction of any federal or state court located within Austin, Texas, in connection with any matter based upon or arising out of this Agreement." The parties also agreed that the Agreement is subject to and governed by Delaware law.

**ANSWER:**    To the extent that Paragraph 12 states a legal conclusion, no response is required. To the extent that the allegations in Paragraph 12 refer to the terms of the APA, a written document that speaks for itself, the Defendants refer to the APA for its true and complete contents and deny any allegations inconsistent therewith. The remaining allegations in Paragraph 12 are denied.

13.     Personal jurisdiction and venue, pursuant to 28 U.S.C. § 1391, are also proper in this Court because Defendants are at home in Texas.  Additionally, each Defendant purposefully availed itself of Texas, and the Agreement and the Amendment were negotiated and entered into in Austin, Texas.  The Defendants also committed the acts that injured the Plaintiffs in Texas.

**ANSWER:**     To the extent that Paragraph 13 states a legal conclusion, no response is required.  To the extent that the allegations in Paragraph 13 refer to the terms of the APA, a written document that speaks for itself, the Defendants refer to the APA for its true and complete contents and deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 13 are denied.

## Responses to "Background Facts"

14.     On or about October 20, 2020, Plaintiffs and Defendants entered into an Asset Purchase Agreement ("the Agreement").  A true and correct copy of the Agreement is incorporated herein by reference.

**ANSWER:**     Defendants admit that the Parties executed the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

15.     Pursuant to the Agreement and in exchange for valid consideration, the Shaft Innovations entities agreed to sell their identified business assets to BTCT.  *See* Agreement, Art. I.

**ANSWER:**     The allegations in Paragraph 15 refer to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

16.     In exchange for its acquisition of the Shaft Innovations business assets, BTCT agreed [to] compensate Shaft Innovations as follows:

   a. A "Closing Asset Payment" of $8,000,000 due at Closing.  *Id*., Section 2.2(a)(i).

   b. A "Second Installment Payment" purchase price adjustment of $2,400,000 due 180
      days following the Closing Date.  *Id*., Section 2.2(a)(ii).

    c.  A "Third Installment Payment" purchase price adjustment of $2,400,000 due 12 months following the Closing Date. *Id*., Section 202(a)(iii).

    d.  An "Earnout Payment" performance payment, based on the success of the business between March 1, 2020 and February 28, 2021. *Id*., Section 2.3.

    e.  Four "Inventory Installment Payments" purchase price adjustments, due on the following timeline, pursuant to Section 2.5 of the Agreement:

        i.  First Inventory Installment Payment due 90 days after Closing;

        ii.  Second Inventory Installment Payment due 180 days after Closing;

        iii.  Third Inventory Installment Payment due 270 days after Closing; and

        iv.  Fourth Inventory Installment Payment due 365 days after Closing.

    f.  An Inventory Rebate, due 180 days after Closing. *Id.*, Section 6.15.

**ANSWER:**    The allegations in Paragraph 16 relate to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

17.    Product Labs paid Shaft Innovations the $8,000,000 Closing Asset Payment on October 20, 2020. *See* Agreement, Section 2.2(a)(i).

**ANSWER:**    Defendants admit that BTCT paid Plaintiffs $8,000,000 on October 20, 2020. The remaining allegations in Paragraph 17 relate to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

18.    Product Labs paid Shaft Innovations the first Inventory Installment Payment in the amount of $677,701 on January 20, 2021. *See id*., Section 2.5(b).

**ANSWER:**    Defendants admit that BTCT paid Plaintiffs $677,701 on January 20, 2021. The remaining allegations in Paragraph 18 relate to the terms of the APA, a written document that

speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

19.    As expected, the assets transferred to BTCT performed well between March 1, 2020 and February 28, 2021 and Product Labs paid Shaft Innovations an Earnout Payment in the amount of $1,500,000 on April 9, 2021.  *See id.*, Section 2.3.

**ANSWER:**    Defendants admit that BTCT paid Plaintiffs $1,500,000 on April 9, 2021. The remaining allegations in Paragraph 19 either (i) relate to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith; or (ii) are denied.

20.    BTCT and Product Labs did not provide Shaft Innovations with any notice of their financial difficulties.  In fact, Shaft Innovations could not have foreseen any such financial difficulties, given the strong performance of the business assets transferred to BTCT, as reflected by the Earnout Payment earned by Shaft Innovations.

**ANSWER:**    The allegations in Paragraph 20 are denied.

21.    Product Labs' violations of the agreement began on April 20, 2021 when it failed to pay the Second Installment Payment (Agreement, Section 2.2(a)(ii)), the second Inventory Installment Payment (Agreement, Section 2.5(b)), and the Inventory Rebate (Agreement, Section 6.15)).  Despite Product Labs' violations of the Agreement, Shaft Innovations accommodated Product Labs and negotiated extensions for the aforementioned payment due dates.  Shaft Innovations wrongly assumed that Product Labs would reciprocate its show of good faith.

**ANSWER:**    Defendants admit that (i) BTCT did not pay the (a) Second Installment Payment and second Inventory Installment Payment (as such terms are defined in the APA), and (b) payment referenced in Section 4 of the First Amendment (the "**Inventory Rebate**"); and (ii) BTCT and Shaft Innovations UK entered into the First Amendment.  However, Defendants are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.  The remaining allegations in Paragraph 21 are denied.

22.    On or about May 7, 2021, Plaintiffs and Defendants agreed to an Amendment to the Agreement. A true and correct copy of the Amendment is incorporated herein by reference.

**ANSWER:**    Defendants admit that BTCT and Shaft Innovations UK entered into the First Amendment. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny the same and demand specific proof thereof.

23.    The parties agreed to modify the schedule for BTCT's purchase price adjustment and rebate payments to Shaft Innovations pursuant to the Amendment as follows:

    a.    The Second Installment Payment of $2,400,000 became due June 30, 2021. Amendment, Section 1.

    b.    The Third Installment Payment of $2,400,000 will be due on October 20, 2021. Amendment, Section 2.

    c.    The outstanding Inventory Installment Payment would be due on the following timeline, pursuant to Section 3 of the amendment:

        i.    Second Inventory Installment Payment due June 30, 2021;

        ii.    Third Inventory Installment Payment due July 17, 2021; and

        iii.    Fourth Inventory Installment Payment due October 20, 2021.

    d.    An Inventory Rebate, due June 30, 2021. *Id.*, Section 4.

**ANSWER:**    The allegations in Paragraph 23 relate to the terms of the First Amendment, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

24.    The Amendment also provided "[e]xcept to the extent expressly modified by this Amendment, all other terms of the Purchase Agreement shall remain unchanged and in full force and effect." Accordingly, the Amendment did not change the unmodified terms of the Agreement between the Plaintiffs and the Defendants. *Id.*, Section 5. As part of the Amendment, the parties agreed to remove the escrow requirement for the Third Installment Payment.

**ANSWER:**    The allegations in Paragraph 24 relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith.

25.    Product Labs "unconditionally guarantee[d] all obligations of [BTCT] under [the] Agreement and the Transaction Documents, including the obligation to pay the Asset Purchase Price, Inventory Purchase Price, and any Earnout Payments that may become due, all in accordance with this Agreement."  Amendment, Section 6.13.  This provision was left unmodified when the parties agreed to the Amendment.

**ANSWER:**    The allegations in Paragraph 25 relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith.

26.    Despite Shaft Innovations' agreement to an amended schedule for Product Labs' payments, Product Labs has not paid any of the $4,983,105 still owed under the Agreement. Product Labs has avoided Shaft Innovations' attempts to discuss its outstanding obligations.

**ANSWER:**    Defendants admit that BTCT and Shaft Innovations UK entered into the First Amendment, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.  Defendants dispute that $4,983,105 is owing under the First Amendment and assert that they are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.  The remaining allegations in Paragraph 26 are denied.

27.    Neither BTCT nor Product Labs paid the Second Installment Payment of $2,400,000 on or before June 30, 2021.

**ANSWER:**    Defendants admit that they did not pay the Second Installment Payment of $2,400,000 on or before June 30, 2021.  However, Defendants are entitled to set off certain

amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.

28.    Neither BTCT nor Product Labs paid the Second Inventory Installment Payment of $344,368.33 on or before June 30, 2021.

**ANSWER:**    Defendants admit that they did not pay the Second Installment Payment of $2,400,000 on or before June 30, 2021.  However, Defendants are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.

29.    Neither BTCT nor Product Labs paid the Inventory Rebate of $150,000 on or before June 30, 2021.

**ANSWER:**    Defendants admit that they did not pay the Inventory Rebate (as such term is defined in the answer to Paragraph 21, above) of $2,400,000 on or before June 30, 2021. However, Defendants are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.

30.    Neither BTCT nor Product Labs paid the Third Inventory Installment Payment of $344,368.33 from BTCT or Product Labs on or before July 17, 2021.

**ANSWER:**    Defendants admit that they did not pay the third Inventory Installment Payment of $344,368.33 on or before July 17, 2021.  However, Defendants are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.

31.    All of the payment amounts described in Paragraphs 26 to 29 are due and owing ("the Payments").

**ANSWER:**    The allegations in Paragraph 31 (a) relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their

true and complete contents and deny any allegations inconsistent therewith; and (b) state legal

conclusions to which no response is required.

32.    Since June 30, 2021, Shaft Innovations' attempts to communicate with Product Labs about BTCT's failure to make the Payments have been met with obfuscation.

**ANSWER:**    The allegations in Paragraph 32 are denied.

33.    Despite Shaft Innovations' patience and good-faith efforts to resolve this dispute for many months outside of Court, on August 21, 2021, Product Labs told Shaft Innovations that Product Labs refused to even make a counterproposal and ended negotiations.

**ANSWER:**    The allegations in Paragraph 33 are denied.

34.    The total value of BTCT and Product Labs' outstanding obligations that are due and owing to Shaft Innovations is $5,983,105, minus approximately $1,000,000 to account for the value of a business asset accrued since the agreement between the parties over which Shaft Innovations retains functional control.  Therefore, the total amount owed is at least $4,983,105.

**ANSWER:**    To the extent that the allegations in Paragraph 34 relate to the terms of the

APA and First Amendment, those written documents speak for themselves, the Defendants refer

to such documents for their true and complete contents and deny any allegations inconsistent

therewith.  The remaining allegations in Paragraph 34 are denied.

## Responses to "COUNT I, Breach of Contract Against BTCT"

35.    The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of

Paragraphs 1 through 34 of Plaintiffs' Complaint as if fully set forth herein.

36.    The Agreement forms a binding and enforceable contract, under which BTCT agreed to pay Shaft Innovations certain sums of money to acquire Shaft Innovations' former business assets.

**ANSWER:**    The allegations in Paragraph 36 (a) relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith; and (b) state legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 36 are denied.

37.    Shaft Innovations has performed all of its material obligations and met any conditions precedent to payment under the Agreement.

**ANSWER:**    The allegations in Paragraph 37 (a) relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith; and (b) state legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 37 are denied.

38.    By refusing to pay the Payments, BTCT has materially breached the Agreement, as modified by the Amendment.

**ANSWER:**    Paragraph 38 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 38 are denied.

39.    BTCT's refusal to pay the Payments is without legal justification.

**ANSWER:**    Paragraph 39 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 39 are denied.

40.    Despite several efforts by Shaft Innovations to collect payment from BTCT, the Payments remain unpaid and owing, in breach of the Agreement.

**ANSWER:**    Defendants admit that they have not paid Plaintiffs the "Payments," as defined in Paragraph 31 of the Complaint.  However, Defendants are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII

of the APA and Plaintiffs' breach of the APA.  Paragraph 40 otherwise states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 40 are denied.

41.    As a direct and proximate result of BTCT's breaches of the Agreement, as modified by the Amendment, Plaintiffs have suffered damages, including, but not limited to: the agreed upon $3,238,736.66 that remains unpaid by the Defendants, attorneys' fees, costs, and interest, in an amount to be proven at trial.

**ANSWER:**    Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 41 are denied.

### Responses to "COUNT II, Breach of Contract Against Product Labs"

42.    The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 41 of Plaintiffs' Complaint as if fully set forth herein.

43.    The Agreement forms a binding and enforceable contract, under which Product Labs agreed to satisfy all of BTCT's outstanding obligations to Shaft Innovations under the Agreement.

**ANSWER:**    The allegations in Paragraph 43 (a) relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith; and (b) state legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 43 are denied.

44.    Shaft Innovations has performed all of its material obligations and met any conditions precedent to payment under the Agreement.

**ANSWER:**    Paragraph 44 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 44 are denied.

45.    By refusing to satisfy BTCT's outstanding obligations to Shaft Innovations, Product Labs has materially breached the Agreement, as modified by the Amendment.

**ANSWER:**    Paragraph 45 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 45 are denied.

46.    Product Labs' refusal to satisfy BTCT's obligations is without legal justification.

**ANSWER:**    Paragraph 46 states a legal conclusion to which no response is required.  To the extent a response is required, the allegations in Paragraph 46 are denied.

47.    Despite several efforts by Shaft Innovations to collect payment from Product Labs, the Payments remain unpaid and owing, in breach of the Agreement.

**ANSWER:**    Defendants admit that they have not paid Plaintiffs the "Payments," as defined in Paragraph 31 of the Complaint.  However, Defendants are entitled to set off certain amounts that may be owed to Plaintiffs based on, among others, the terms of Articles II and VII of the APA and Plaintiffs' breach of the APA.  Paragraph 47 otherwise states a legal conclusion to which no response is required.  To the extent a further response is required, the allegations in Paragraph 47 are denied.

48.    As a direct and proximate result of BTCT and Product Labs' breaches of the Agreement, as modified by the Amendment, Plaintiffs have suffered damages, including, but not limited to: the agreed upon $3,238,736.66 for purchase price adjustments that remain unpaid by the Defendants, attorneys' fees, costs, and interest, in an amount to be proven at trial.

**ANSWER:**    Paragraph 48 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 48 are denied.

## **Responses to "COUNT III, Anticipatory Breach of Contract Against BTCT"**

49.     The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 48 of Plaintiffs' Complaint as if fully set forth herein.

50.     The Agreement forms a binding and enforceable contract, under which BTCT agreed to pay Shaft Innovations certain sums of money to acquire Shaft Innovations' former business assets.

**ANSWER:**    The allegations in Paragraph 50 (a) relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith; and (b) state legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 50 are denied.

51.     Shaft Innovations has performed all of its material obligations and met any conditions precedent to payment under the Agreement.

**ANSWER:**    Paragraph 51 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 51 are denied.

52.     BTCT has told Shaft Innovations that it will not be able [to] make the payments due on October 20, 2021, due to its poor financial condition.  BTCT has no intention (or ability) of paying the Third Installment payment and the Inventory Installment Payment, both due October 20, 2021.

**ANSWER:**    Defendants admit they had discussions with Shaft Innovations about their ability to make payments based on their financial condition.  The remaining allegations in Paragraph 52 are denied.

53.    BTCT's refusal to pay its obligations due June 30, 2021 and July 17, 2021 indicates that it will not pay its obligations due October 20, 2021.  Shaft Innovations must act now to preserve its rights under the Agreement.

**ANSWER:**    To the extent that Paragraph 53 states a legal conclusion, no response is required.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore deny the same and demand specific proof thereof.

54.    By refusing to pay its obligations due October 30, 2021 at the agreed upon amount, BTCT has materially breached the Agreement, as modified by the Amendment.

**ANSWER:**    Paragraph 54 states a legal conclusion to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 54 are denied.

55.    BTCT's refusal to pay its obligations due October 30, 2021 is without legal justification.

**ANSWER:**    Paragraph 55 states a legal conclusion to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 55 are denied.

56.    Despite several efforts by Shaft Innovations to arrange for payment from BTCT, BTCT has by its actions anticipatorily repudiated its payment obligations.

**ANSWER:**    Paragraph 56 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 56 are denied.

57.    As a direct and proximate result of BTCT's breaches of the Agreement, as modified by the Amendment, Plaintiffs have suffered damages, including, but not limited to: the agreed upon $1,744,368.32 for the payments due October 20, 2021, attorneys' fees, costs, and interest, in an amount to be proven at trial.

**ANSWER:**    Paragraph 57 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 57 are denied.

**Responses to "COUNT IV, Anticipatory Breach of Contract Against Product Labs"**

58.    The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 57 of Plaintiffs' Complaint as if fully set forth herein.

59.    The Agreement forms a binding and enforceable contract, under which Product Labs agreed to satisfy all of BTCT's outstanding obligations to Shaft Innovations under the Agreement.

**ANSWER:**    The allegations in Paragraph 59 (a) relate to the terms of the APA and First Amendment, written documents that speaks for themselves, to which Defendants refer for their true and complete contents and deny any allegations inconsistent therewith; and (b) state legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 59 are denied.

60.    Shaft Innovations has performed all of its material obligations and met any conditions precedent to payment under the Agreement.

**ANSWER:**    Paragraph 60 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 60 are denied.

61.    Product Labs has told Shaft Innovations that it will not be able to make the payments due on October 20, 2021, due to its poor financial condition.  Product Labs has no intention (or ability) of paying BTCT's obligations under the installment payment purchase price adjustment and the inventory purchase price adjustment, both due October 20, 2021.

**ANSWER:**    Defendants admit they had discussions with Shaft Innovations about their ability to make payments based on their financial condition.  The remaining allegations in Paragraph 61 are denied.

62.     Product Labs' refusal to pay its obligations due June 30, 2021 and July 17, 2021 indicates that it will not pay its obligations due October 20, 2021.  Shaft Innovations must act now to preserve its rights under the Agreement.

**ANSWER:**     To the extent that Paragraph 62 states a legal conclusion, no response is required.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore deny the same and demand specific proof thereof.

63.     By refusing to pay its obligations due October 20, 2021 at the agreed upon amount, Product labs has materially breached the Agreement, as modified by the Amendment.

**ANSWER:**     Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 63 are denied.

64.     Product Labs' refusal to pay its obligations due October 30, 2021 is without legal justification.

**ANSWER:**     Paragraph 64 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 64 are denied.

65.     Despite several efforts by Shaft Innovations to arrange for payment from Product Labs, Product Labs has by it actions anticipatorily repudiated its payment obligations.

**ANSWER:**     Paragraph 65 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 65 are denied.

66.     As a direct and proximate result of Product Labs' breaches of the Agreement, as modified by the Amendment, Plaintiffs have suffered damages, including, but not limited to: the agreed upon $1,744,368.34 for the payments due October 20, 2021, attorneys' fees, costs, and interest, in an amount to be proven at trial.

**ANSWER:**     Paragraph 66 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 66 are denied.

**Responses to "COUNT V, Unjust Enrichment Against BTCT and Product Labs (in the alternative to Counts I–IV)"**

67.     The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 66 of Plaintiffs' Complaint as if fully set forth herein.

68.     As set forth above, BTCT and Product Labs have acquired Shaft Innovations' former assets without compensating Shaft Innovations for their full value.

**ANSWER:**    To the extent that the allegations in Paragraph 68 relate to the terms of the APA, a written document that speaks for itself, Defendants refer to such document for its true and complete contents and deny any allegations inconsistent therewith.  To the extent that Paragraph 68 states legal conclusions, no response is required.  To the extent a further response is required, the remaining allegations in Paragraph 68 are denied.

69.     By refusing to pay the Shaft Innovations entities for the full value of their assets, BTCT and Product Labs have been enriched at the expense of the Plaintiffs.

**ANSWER:**    Paragraph 69 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 69 are denied.

70.     BTCT and Product Labs' refusal to compensate Shaft Innovations for the value of their assets lacks justification and violates the fundamental principles of justice, equity, and good conscience.

**ANSWER:**    Paragraph 70 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 70 are denied.

71.     As a direct and proximate result of BTCT and Product Labs' unjust enrichment at their expense, Plaintiffs have suffered damages, including, but not limited to: $4,983,105, attorneys' fees, costs, and interest, in an amount to be proven at trial.

**ANSWER:**    Paragraph 71 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 71 are denied.

### Responses to "COUNT VI, Conversion Against BTCT and Product Labs (in the alternative to Count[s] I–IV)"

72.    The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 71 of Plaintiffs' Complaint as if fully set forth herein.

73.    As set forth above, Plaintiffs had a property interest in the assets that are now possessed by BTCT and Product Labs.

**ANSWER:**    Paragraph 73 states a legal conclusion to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 73 are denied.

74.    Plaintiffs had a right to possess the assets that are now in the wrongful control of BTCT and Product Labs.

**ANSWER:**    Paragraph 74 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 74 are denied.

75.    BTCT and Product Labs unlawfully converted Plaintiffs' assets for their own use.

**ANSWER:**    Paragraph 75 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 75 are denied.

76.    BTCT and Product Labs' conversion of Plaintiffs' assets involved ill will, malice, recklessness, wantonness, oppression, insult, and willful and conscious disregard of the Plaintiffs' rights.

**ANSWER:**    Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 76 are denied.

21

77.    BTCT and Product Labs believed that by unlawfully acquiring Plaintiffs' business assets, Plaintiffs would be without means to generate business income.  Nevertheless, BTCT and Product Labs consciously disregarded the foreseeable harm that would befall Plaintiffs.

**ANSWER:**    Paragraph 77 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 77 are denied.

### Responses to "COUNT VII, Fraudulent Inducement Against BTCT and Product Labs"

78.    The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 77 of Plaintiffs' Complaint as if fully set forth herein.

79.    BTCT and Product Labs misrepresented to the Plaintiffs that BTCT would pay the Payments as part of BTCT's acquisition of Shaft Innovations' assets.

**ANSWER:**    The allegations in Paragraph 79 relate to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.

80.    At the time it entered into the Agreement (nine months ago), and at the time it entered into the amendment (three months ago), BTCT had no intention of paying the Payments to Shaft Innovations.

**ANSWER:**    The allegations in Paragraph 80 are denied.

81.    At the time it entered into the Agreement (nine months ago), and at the time it entered into the amendment (three months ago), Product Labs had no intention of paying BTCT's obligations to Shaft Innovations if BTCT did not do so.

**ANSWER:**    The allegations in Paragraph 81 are denied.

82.    Plaintiffs relied on BTCT and Product Labs' misrepresentations in agreeing to transfer Shaft Innovations' assets to BTCT.

**ANSWER:**    The allegations in Paragraph 82 relate to the terms of the APA, a written document that speaks for itself, to which Defendants refer for its true and complete contents and deny any allegations inconsistent therewith.  Further, Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny the same and demand specific proof thereof.

83.    Plaintiffs relied on BTCT and Product Labs' misrepresentations after performing due diligence on the businesses and negotiating with them for months.

**ANSWER:**    Defendants deny that they made any misrepresentations to Plaintiffs. Further, Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny the same and demand specific proof thereof.

84.    As a direct and proximate result of BTCT and Product Labs' fraudulent inducement, Plaintiffs have suffered damages, including, but not limited to: $4,983,105, attorneys' fees, costs, and interest, in an amount to be proven at trial.

**ANSWER:**    Paragraph 84 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 84 are denied.

**Responses to "COUNT VIII, Declaratory Judgment Against BTCT and Product Labs"**

85.    The allegations set forth in the preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**    Defendants incorporate each of the preceding answers to the allegations of Paragraphs 1 through 84 of Plaintiffs' Complaint as if fully set forth herein.

86.    An actual and justiciable controversy exists under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 between Plaintiffs and Defendants regarding BTCT's breach of the Agreement, as modified by the Amendment, and BTCT's refusal to pay the full amount due and owed to Shaft Innovations under the Agreement.  An actual and justiciable controversy also exists between Plaintiffs and Defendants regarding Product Labs' refusal to satisfy BTCT's obligations under the Agreement, as modified by the Amendment.

**ANSWER:**    Paragraph 86 states legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 86 are denied.

87.    Per the Agreement, as modified by the Amendment, BTCT is required to pay the Payments to Shaft Innovations, totaling $4,983,105, in relation to BTCT's acquisition of Shaft Innovations' business assets, in addition to any attorneys' fees, costs, or interest incurred (and continuing to incur) since and as a result of BTCT's breaches.

**ANSWER:**    To the extent that the allegations in Paragraph 87 relate to the terms of the APA or First Amendment, written documents that speak for themselves, Defendants refer to such documents for their true and complete contents and deny any allegations inconsistent therewith. To the extent that Paragraph 87 states legal conclusions, no response is required.  To the extent a further response is required, the remaining allegations in Paragraph 87 are denied.

88.    Per the Agreement, as modified by the Amendment, Product Labs is required to satisfy BTCT's outstanding obligations to Shaft Innovations, including any attorneys' fees, costs, or interest incurred (and continuing to incur) since and as a result of BTCT's breaches.

**ANSWER:**    To the extent that the allegations in Paragraph 88 relate to the terms of the APA or First Amendment, written documents that speak for themselves, Defendants refer to such documents for their true and complete contents and deny any allegations inconsistent therewith. To the extent that Paragraph 88 states legal conclusions, no response is required.  To the extent a further response is required, the remaining allegations in Paragraph 88 are denied.

89.    A binding judgment from this Court would end the controversy.

**ANSWER:**    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 89 and therefore deny the same and demand specific proof thereof.

90.    Plaintiffs seek a declaration and judgment from this Court that BTCT violated and breached the Agreement, as modified by the Amendment, by refusing to pay the outstanding obligations totaling $4,983,105 to Shaft Innovations.

**ANSWER:**    To the extent that the allegations in Paragraph 90 relate to the terms of the APA or First Amendment, written documents that speak for themselves, Defendants refer to such documents for their true and complete contents and deny any allegations inconsistent therewith. To the extent that Paragraph 90 states legal conclusions, no response is required. To the extent a further response is required, the remaining allegations in Paragraph 90 are denied.

91.    Plaintiffs also seek a declaration and judgment from this Court that Product Labs violated and breached Section 6.13 of the Agreement by refusing to cover BTCT's obligations totaling $4,983,105 to Shaft Innovations.

**ANSWER:**    To the extent that the allegations in Paragraph 91 relate to the terms of the APA or First Amendment, written documents that speak for themselves, Defendants refer to such documents for their true and complete contents and deny any allegations inconsistent therewith. To the extent that Paragraph 91 states legal conclusions, no response is required. To the extent a further response is required, the remaining allegations in Paragraph 91 are denied.

92.    Plaintiffs further seek an order granting specific performance under Section 9.5 of the Agreement that requires Defendants to pay its outstanding obligations totaling $4,983,105 owed to Shaft Innovations.

**ANSWER:**    To the extent that the allegations in Paragraph 92 relate to the terms of the APA or First Amendment, written documents that speak for themselves, Defendants refer to such documents for their true and complete contents and deny any allegations inconsistent therewith. To the extent that Paragraph 92 states legal conclusions, no response is required. To the extent a further response is required, the remaining allegations in Paragraph 92 are denied.

### Response to "Prayer for Relief"

Defendants denies that Plaintiffs are entitled to judgment or any of the relief prayed for in paragraphs (1) through (7) under the heading "PRAYER FOR RELIEF" in the Complaint.

Defendants request judgment in their favor.

## AFFIRMATIVE DEFENSES OF DEFENDANT

Without prejudice to the denials set forth above, Defendants plead the following affirmative defenses in response to Plaintiffs' allegations.

### First Affirmative Defense

Each of Plaintiffs' claims in the Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

Plaintiffs' claims in the Complaint are barred, in whole or in part, by the doctrines of waiver and/or acquiescence.

### Third Affirmative Defense

Plaintiffs' claims in the Complaint are barred, in whole or in part, by their breaches of the implied covenant of good faith and fair dealing.

### Fourth Affirmative Defense

Plaintiffs' claims in the Complaint are barred, in whole or in part, by their breaches of the APA.

### Fifth Affirmative Defense

Plaintiffs' claims in the Complaint are barred, in whole or in part, by their failure to take all reasonable steps to prevent, mitigate, minimize or avoid any damage or loss referred to in the Complaint.

### Sixth Affirmative Defense

In the event that it is determined that Defendants owe any amounts to Plaintiffs, Defendants are entitled to set off and/or recoup any amounts owed to Plaintiffs under the terms of the APA for

breaches of the APA by Plaintiffs, including for any misrepresentation, failure to disclose certain material facts, and failure to perform various covenants.

### Seventh Affirmative Defense

Plaintiffs' claims in the Complaint are barred, in whole or in part, by their fraud, actual or construction, and/or misrepresentation.

### Additional Defenses

Defendants expressly reserves the right to assert additional defenses as they become known through the course of discovery.

WHEREFORE, Defendants respectfully requests that this Court enter orders as follows:

A. Dismissing the Complaint with prejudice as to all of Plaintiffs' claims;

B. Denying Plaintiffs any award of damages, costs, or fees;

C. Awarding Defendants reasonable attorneys' fees and expenses; and

D. Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CLEVELAND | TERRAZAS PLLC**

*/s/ Timothy Cleveland*

Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service or e-mail on September 24, 2021.

_/s/ Austin H. Krist_____
Austin H. Krist